# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID MORRIS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 16-00632-CG-N |
| | ) |
| SOUTHERN INTERMODAL XPRESS, | ) |
| ASSURANT EMPLOYEE BENEFITS, | ) |
| and UNION SECURITY INSURANCE | ) |
| COMPANY, | ) |
|     Defendants. | ) |

## ORDER

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendations of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), and S.D. Ala. GenLR 72(a), and dated March 13, 2017, is **ADOPTED** as the opinion of this Court.

Accordingly, it is **ORDERED** that the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 5) filed by Defendant Southern Intermodal Xpress ("SIX") is **GRANTED**, but without prejudice to Plaintiff David Morris's ability to file an amended complaint that plausibly alleges a claim under 29

U.S.C. § 1132(a)(1)(B) against SIX.[1] Morris must file and serve this amended complaint no later than **Monday, May 15, 2017**.

**DONE** and **ORDERED** this the 28th day of April, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because the time for Morris to amend his complaint once as a matter of course has expired, *see* Fed. R. Civ. P. 15(a)(1)(B), he can now amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Morris is being granted leave of court to amend his complaint for the sole purpose of stating a claim under § 1132(a)(1)(B) against SIX. To the extent Morris may wish to make other changes to his complaint, he must either obtain the written consent of the opposing party or parties the new allegations are directed at, or file a motion for leave to amend.