# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 16-632-CG-N |
| | ) |
| SOUTHERN INTERMODAL | ) |
| XPRESS, ASSURANT EMPLOYEE | ) |
| BENEFITS, UNION SECURITY | ) |
| INSURANCE COMPANY, | |
| | |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff's motion for reconsideration of Document 37 or to certify Document 37 as a final matter. (Doc. 38). For reasons that will be explained below, the Court finds Plaintiff has not met his burden of demonstrating clear error, manifest injustice, or that any other reason justifies relief. The Court further finds below that there is just reason at this time for delaying entry of final judgment dismissing Defendant Southern Intermodal Xpress. Therefore, Plaintiff's motion will be denied.

Document 37 of Plaintiff's case is an Order by the undersigned judge, adopting the Report and Recommendation of the Magistrate Judge and dismissing Plaintiff's claims against Defendant Southern Intermodal Xpress ("SIX"), but without prejudice to Plaintiff's ability to file an amended complaint against SIX under 29 U.S.C. § 1132(a)(1)(B) by May 15, 2017. (Doc. 37). To date, Plaintiff has not filed an amended complaint against SIX.

Plaintiff filed this ERISA action, *pro se*, against SIX and others seeking death benefits he alleges he is entitled to after the death of Gwendolyn Morris. SIX is Plaintiff's employer and is alleged to have deducted wages from Plaintiff's paycheck for the premiums for the life insurance policy at issue. The Report and Recommendation found that Plaintiff had not stated a claim against SIX because it had not alleged any factual allegations that plausibly suggest SIX took any action with respect to his claim for benefits that would be analogous to a breach or "that plausibly suggest SIX failed to discharge its role under the ERISA plan in a proper way." (Doc. 28, p. 14). The documents attached to Plaintiff's complaint indicate that Union Security Insurance Company, under the brand name Assurant Employee Benefits, is the entity that denied Plaintiff's initial claim and determined the appeal of Plaintiff's claim. (Doc. 1, pp. 5-8). The Magistrate Judge found that "nothing in the complaint's well-pleaded factual allegations or attached exhibits plausibly suggests that the denial of ERISA benefits was caused by any impropriety on SIX's part." (Doc. 28, p. 13).

Plaintiff moves for reconsideration alleging generally that the Report and Recommendation was wrongfully adopted and that the Magistrate "disrespect[ed] the rules of civil procedure" and engaged in discriminatory behavior and "defacto counseling for the Defendants." Plaintiff complains that he was not afforded the right to amend his complaint before the complaint was dismissed and that he was not asked what statute he desired to proceed under. Plaintiff further asserts that the undersigned judge failed to manage or oversee the Magistrate Judge and failed

to seize the life insurance payments and life insurance group policy held by Defendant. Plaintiff also accuses the court of trickery, manipulation, and "disruptive and mean spirited" behavior.

A motion to reconsider under Federal Rules of Civil Procedure 59(e) is available only "when a party presents evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). Reconsideration under Federal Rule of Civil Procedure 60(b) is permitted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Plaintiff has not alleged an intervening change in law, newly discovered evidence, clerical or inadvertent mistake, fraud by the opposing party, or that the judgment is void, has been satisfied, or is no longer equitable. Instead Plaintiff's stated reasons for reconsideration appear to fall under a claim of clear error or manifest injustice or 60(b)'s catchall "any other reason that justifies relief."

A motion to reconsider based upon clear error is appropriate "when the Court

3

has patently misunderstood a party . . . or has made a mistake, not of reasoning, but of apprehension." *Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480 (M.D. Fla. Oct. 7, 1999). Nor does a motion for reconsideration provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988). Thus, "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993); *see also Maradiaga*, 679 F.3d at 1291 (the losing party "'must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion'" (internal citation omitted)).

Under Rule 60(b), a court may grant relief for "any other reason that justifies relief." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir.2001)(quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984)). Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the

4

relief is "a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir.2000) (quoting *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir.1996)).

The Court finds that Plaintiff has not met his burden of demonstrating clear error, manifest injustice, or that any other reason justifies relief. Plaintiff has offered no facts or legal reason to support a contention that his complaint asserted a viable claim against SIX. Plaintiff contends he was not afforded the right to amend his complaint but, in fact, Plaintiff was afforded that right. Under Rule 15, Plaintiff could have amended or sought leave to amend his complaint at any time prior to the Court's Order dismissing SIX. Even after the Court determined that Plaintiff had not asserted a viable claim against SIX, the Court granted Plaintiff leave, until May 15, 2017, to file an amended complaint if he could allege facts to support a plausible claim against SIX under 29 U.S.C. § 1132(a)(1)(B). Plaintiff complains that the Magistrate "disrespect[ed] the rules of civil procedure" and engaged in discriminatory behavior and "defacto counseling for the Defendants," but has not shown that any rules of civil procedure were not followed or explained how the Magistrate discriminated against him or helped or favored the opposing party. Nor has Plaintiff shown or explained why he concludes that the Court resorted to trickery, manipulation and disruptive and mean spirited behavior. It appears that Plaintiff is simply unhappy with the result of the order. Because he has not demonstrated that the Order was entered in error or results in an injustice, the Court finds Plaintiff's motion for reconsideration should be denied.

5

Plaintiff has asked, in the alternative, that this Court certify the Order dismissing SIX as a "final matter." Federal Rule of Civil Procedure 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." To determine whether there is a just reason for delay a court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 364 (3d Cir.1975), overruled in part by *Curtiss–Wright*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). In the instant case, Plaintiff has indicated a desire to amend the complaint to assert a claim against SIX, although he did not take advantage of the Court's grant of leave to do so by May 15, 2017.[1] Additionally, in his claims against the other Defendants, Plaintiff seeks to receive the same beneficiary proceeds that he seeks to obtain from SIX. Thus, if Plaintiff were successful against the other Defendants, his claim against SIX would be moot. Even if Plaintiff is not successful against the other Defendants, if it is determined that Plaintiff is not entitled to beneficiary proceeds under the clear terms of the policy at issue, Plaintiff's claim

---

[1] To amend his complaint now, Plaintiff would have to obtain the opposing party's written consent or the court's leave. FED. R. CIV., P. 15(a).

against SIX might also be moot. Accordingly, the Court finds that there is just reason for delay. The Court will not enter a final judgment at this time.

For the above stated reasons, Plaintiff's motion for reconsideration of Document 37 or to certify Document 37 as a final matter (Doc. 38), is **DENIED**.

**DONE** and **ORDERED** this 19th day of May, 2017.

                         /s/ Callie V. S. Granade
                         SENIOR UNITED STATES DISTRICT JUDGE