IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MORRIS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 16-632-CG-N |
| SOUTHERN INTERMODAL XPRESS, ASSURANT EMPLOYEE BENEFITS, UNION SECURITY INSURANCE COMPANY, | ) |
| Defendants. | |

## ORDER

This matter is before the Court on "David Morris Motion for Judgment Pursuant to Document Number Three (3) and Relief from Judgments Pronounced and other wise Un-Pronounced". (Doc. 49). After review, this Court construes Plaintiff's Motion (Doc. 49) as a motion for reconsideration pursuant to either Federal Rule 59(e) or 60(b). For the reasons set forth herein below, Plaintiff's Motion (Doc. 49) is DENIED.

BACKGROUND

Plaintiff filed this ERISA action, *pro se*, against Southern Intermodal Xpress ("SIX"), Assurant Employee Benefits ("Assurant"), and Union Security Insurance Company ("Union") on December 21, 2016, seeking death benefits after the death of Gwendolyn Morris. On April 28, 2017, this Court entered an Order adopting the Report and Recommendation of the Magistrate Judge which recommended

1

dismissal of SIX pursuant to Fed. R. Civ. P. 12(b)(6), but without prejudice to Plaintiff's ability to file an amended complaint that properly alleged a claim by not later than May 15, 2017. (Doc. 37). Plaintiff did not file an amended complaint as ordered. Instead, Plaintiff filed a Motion to Reconsider Document Number 37; Or Certify the Document Number 37 Resolution as a Final Matter Ripe for Appellate Review" (Doc. 38). On May 19, 2017, this Court denied Plaintiff's Motion for Reconsideration. (Doc. 39). On July 13, 2017, the remaining Defendants filed a Motion for Judgment on the Record and brief in support thereof (Docs. 43, 44) to which Plaintiff responded on August 10, 2017 (Doc. 46). On September 14, 2017, this Court granted the motion and entered an order dismissing this action against Defendants with prejudice. (Docs. 47, 48).

On September 25, 2017, Plaintiff filed the instant motion entitled "David Morris Motion for Judgment Pursuant to Document Number Three (3) and Relief from Judgments Pronounced and other wise Un-Pronounced". (Doc. 49). Therein, Plaintiff "seeks the benefits of Federal Rules of Civil Procedure 60; and 59 and further seeks the grace of Federal Rules of Appellate Procedure 4(a)(4)(vi) and related rules and laws under the circumstances." (*Id*. at 2). Plaintiff's motion is unclear to some extent, but Plaintiff asserts that "without a final Order in favor of Defendant Southern Intermodal Xpress, LLC this case is due to proceed onward …". (*Id*. at 3). Plaintiff additionally seems to assert that Defendants did not properly disclose their legal status in relationship to one another to the Court such that the dismissal of this action was improper. (*Id*. at 3-4). For relief, Plaintiff seeks "that

which was prayed for in the Original Civil Action Complaint", seizure of David Morris' money entrusted to SIX, seizure of the binding "Declaration" authorizing 12-months term life coverage, and seeks that judgment in favor of David Morris "be revived and a hearing held to locate the funds paid [to] Southern Intermodal Xpress LLC and Southern Intermodal Xpress be judicially compelled to acknowledge its "Declaration" acknowledge it computer generated coverage payment receipts and finally pay to the order of David Morris the beneficiary proceeds due therefrom and any other relief deemed lawful and appropriate." (*Id*. at 5).

DISCUSSION

As for Plaintiff's contention that SIX was not dismissed from this action, Plaintiff is simply mistaken. This Court's Order dated May 15, 2017 specifically granted SIX's Motion to Dismiss which became final upon Plaintiff's failure to amend his complaint to state a plausible claim against SIX by not later than May 15, 2017. (Doc. 37). The record is clear that Plaintiff did not file an amended complaint. Moreover, this Court addressed Plaintiff's dissatisfaction with the Court's ruling adopting the Magistrate Judge's Report and Recommendation in its Order denying Plaintiff's motion for reconsideration. (*See* Doc. 39). Plaintiff's assertion that this action either remains or should remain pending against SIX is without merit.

This Court construes the remainder of Plaintiff's motion as a motion for reconsideration of its order granting judgment on the record as to Assurant and Union.

3

A motion to reconsider under Federal Rules of Civil Procedure 59(e) is available only "when a party presents evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). Reconsideration under Federal Rule of Civil Procedure 60(b) is permitted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Plaintiff has not alleged an intervening change in law, newly discovered evidence, clerical or inadvertent mistake, fraud by the opposing party, or that the judgment is void, has been satisfied, or is no longer equitable. As such, this Court interprets Plaintiff's request to ostensibly fall under a claim of clear error or manifest injustice or 60(b)'s catchall "any other reason that justifies relief."

A motion to reconsider based upon clear error is appropriate "when the Court has patently misunderstood a party . . . or has made a mistake, not of reasoning, but of apprehension." *Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D. Fla. 1996). "A motion to reconsider is not a vehicle for rehashing

4

arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480 (M.D. Fla. Oct. 7, 1999). Nor does a motion for reconsideration provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988). Thus, "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993); *see also Maradiaga*, 679 F.3d at 1291 (the losing party "'must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion'" (internal citation omitted)).

Under Rule 60(b), a court may grant relief for "any other reason that justifies relief." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001)(quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the relief is "a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir.2000) (quoting *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir.1996)).

Plaintiff's motion does not assert new grounds for the relief he seeks and simply restates his belief that he is legally entitled to an award as stated in his previous pleadings. For legal authority, Plaintiff points to the "entire case record". (Doc. 49 at 4). Plaintiff has not offered any other facts or legal reasoning to support his position that this Court should reconsider its previous order granting judgment on the record and dismissing this action pursuant to either Federal Rules of Civil Procedure 59 or 60. Rather, Plaintiff seems to argue, and it is unclear to some extent, that either Assurant or Union failed to disclose its legal status to the Court which resulted in this Court's improperly granting judgment on the record to both Defendants. (*Id*. at 3-4). Nevertheless, this Court's previous Order addressed the alleged relationship between Union and Assurant as follows:

> In as much as Mr. Morris names Assurant Employee Benefits as a defendant, Union Security explains that Assurant Employee Benefits is not a legal entity but a trade name under which Union Security does business. Mr. Morris offers no opposition to this point. Therefore, as much as Union Security and Assurant Employee Benefits may be separate defendants, the Court understands the Motion for Judgment on the Record to be brought by both, and this Order resolves this matter for both Union Security and Assurant Employee Benefits.

(Doc. 47 at FN1). As was the case initially, Plaintiff has again failed to substantiate his claim that Union and Assurant have some other legal status and/or relationship that would warrant reconsideration of the dismissal of this action as to both Defendants. Plaintiff has also failed to offer any other factual or legal basis that this Court's previous decision was the result of clear error or resulted in manifest injustice or that extraordinary circumstances exist warranting reconsideration. As

6

a result, Plaintiff's motion for reconsideration and all of the relief requested therein should be denied.

CONCLUSION

For the above stated reasons, Plaintiff's "Motion for Judgment Pursuant to Document Number Three (3) and Relief from Judgments Pronounced and other wise Un-Pronounced" (Doc. 49), is **DENIED**.

**DONE** and **ORDERED** this 31st day of January, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE