IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MORRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 16-632-CG-N ) |
| SOUTHERN INTERMODAL XPRESS, ASSURANT EMPLOYEE BENEFITS, UNION SECURITY INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 63), opposition thereto filed by Defendant Southern Intermodal Express and motion for sanctions (Doc. 64), and Plaintiff's reply (Doc. 65). For the reasons explained below, the Court finds that Plaintiff's motion for relief should be denied. The Court also finds that Defendant's motion for sanctions should be denied at this time, but warns Plaintiff that if he files frivolous or scurrilous motions in the future they will be stricken and monetary sanctions may be considered.

## BACKGROUND

Plaintiff filed this ERISA action, *pro se*, against Southern Intermodal Xpress ("SIX"), Assurant Employee Benefits ("Assurant"), and Union Security Insurance Company ("Union") on December 21, 2016, seeking death benefits after the death of

1

Gwendolyn Morris. On January 31, 2017, SIX moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). The motion to dismiss was referred to the Magistrate Judge for Report and Recommendation.

On February 17, 2017, Plaintiff filed two emergency motions: the first for Court seizure of money he paid for the life insurance at issue; the second asked the Court to seize a copy of the life insurance policy. (Docs. 18, 19). The Court denied both emergency motions noting that Plaintiff had already attached a copy of the insurance policy to his complaint and finding that Plaintiff had not explained why emergency relief was necessary or warranted and had not made the required showings for relief. (Doc. 26).

On March 2, 2017, Plaintiff moved for sanctions against SIX and SIX's counsel. (Doc. 25). This Court denied Plaintiff's motion, finding SIX and its counsel had not acted wrongfully or improper. (Doc. 27).

On April 28, 2017, this Court entered an Order adopting the Report and Recommendation of the Magistrate Judge which recommended dismissal of SIX pursuant to FED. R. CIV. P. 12(b)(6), but without prejudice to Plaintiff's ability to file an amended complaint that properly alleged a claim by not later than May 15, 2017. (Doc. 37). Plaintiff did not file an amended complaint. Instead, Plaintiff filed a "Motion to Reconsider Document Number 37; Or Certify the Document Number 37 Resolution as a Final Matter Ripe for Appellate Review." (Doc. 38). On May 19, 2017, this Court denied Plaintiff's Motion for Reconsideration. (Doc. 39).

On July 13, 2017, the remaining Defendants filed a motion for judgment on

the record. (Doc. 43). On July 19, 2017, Plaintiff filed an emergency motion to compel against SIX, even though SIX had been dismissed and was no longer a party to the action. (Doc. 40). That motion was denied on June 20, 2017. (Doc. 41). On September 14, 2017, this Court granted Defendant's motion for judgment on the record and entered an order dismissing this action against the remaining Defendants with prejudice. (Docs. 47, 48).

On September 25, 2017, Plaintiff filed a motion entitled "David Morris Motion for Judgment Pursuant to Document Number Three (3) and Relief from Judgments Pronounced and other wise Un-Pronounced" (Doc. 49), which the Court construed as a motion for reconsideration. In the motion, Plaintiff refers to the evidence he submitted in "Court Docket – Document Number Three (3)" and contends that SIX was not dismissed or released by the Court and that the case should proceed. Plaintiff also sought reconsideration of the ruling in favor of Defendants Assurant and Union. The Court denied the motion on January 31, 2018. (Doc. 50).

Plaintiff filed a Notice of Appeal on February 28, 2019. (Doc. 51). The Eleventh Circuit issued an opinion affirming the judgment against Plaintiff on December 4, 2018. (Docs. 60, 67). Plaintiff then filed two emergency motions in the Eleventh Circuit, which the Eleventh Circuit denied. (Doc. 64-2). Plaintiff also moved for rehearing in the Eleventh Circuit. (Doc. 64-1). Plaintiff then moved to stay further appellate proceedings. SIX moved for sanctions against Plaintiff in the Eleventh Circuit. On April 9, 2019, the Eleventh Circuit denied Plaintiff's motion to

3

stay, denied SIX's motion for sanctions and denied Plaintiff's motion for rehearing.

**DISCUSSION**

Plaintiff's current motion seeks reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 63). The motion states that it is "Directed Against" SIX and SIX's attorney – Lisa Cooper. The Court notes that SIX states in its response that the case is currently on appeal. The Eleventh Circuit issued an opinion affirming this Court's judgment (Doc. 62), denied Plaintiff's motion for rehearing, and on April 18, 2019, issued a mandate (Doc. 67). Even if the case were still on appeal, a district court may consider and deny a motion for reconsideration while the case is on appeal or can state that it "would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R CIV. P. 62.1; *Munoz v. United States*, 451 F.App'x 818, 819 (11th Cir. 2011) (finding that while a case is on appeal a district court may address the merits of a Rule 60(b) motion and deny the motion or indicate its belief that it is meritorious). Thus, it is clear that the motion for reconsideration is properly before this Court.

Reconsideration under Federal Rule of Civil Procedure 60(b) is permitted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, it is based on an

4

> earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Plaintiff's motion indicates he seeks reconsideration under 60(b)'s catchall "any other reason that justifies relief." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the relief is "a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir.1996)).

Plaintiff's motion appears to again attack the dismissal of SIX and claims that this Court "trusted" and allowed SIX's attorney "to slip in proposed orders that did not reflect the truth" because counsel once worked as a law clerk for another judge in this Court. (Doc. 63, p. 1). Plaintiff also contends that he was unable to challenge blatant untruths because "the Court Docket sheet was on lock down" and he "could not challenge what was delayed and slowed to appear of record until it appeared." (Doc. 63, p. 2). According to Plaintiff the "lock of the Docket proceeding advanced the fraud causes of [SIX and SIX's counsel]." (Doc. 63, p. 2). Plaintiff also objects to SIX's counsel having had access to life insurance coverage documents and information regarding the premiums paid and claims the documents were "held

5

from the Court." (Doc. 63, p. 2). Plaintiff's reply reasserts some of the same claims he made in prior motions.

The Court finds no merit to Plaintiff's arguments. This Court and the Eleventh Circuit found that Plaintiff failed to allege any impropriety by SIX in its handling of Plaintiff's claim for life insurance. The decision to deny Plaintiff's claim was made by Union Security Insurance Company, not SIX. SIX moved to dismiss Plaintiff's claim against it and Plaintiff was given ample opportunity to respond and did in fact respond in opposition to the motion. Plaintiff was again permitted to respond after the Magistrate Judge issued a Report and Recommendation on the motion to dismiss. Plaintiff filed an objection, which this Court considered before adopting the Report and Recommendation. Moreover, prior to the current motion this Court, in two separate orders, addressed Plaintiff's dissatisfaction with the Court's ruling adopting the Magistrate Judge's Report and Recommendation. (Doc. 39, 50). As to the insurance documents Plaintiff claims were "held from the Court," Plaintiff attached a copy of the insurance coverage documents to his complaint (Doc. 1), and the Court and all of the parties have had access to them since the beginning of this action. Information regarding the premiums Plaintiff paid was not necessary for the determination that SIX should be dismissed. For all of these reasons, the Court finds that Plaintiff's arguments have no merit. Plaintiff has clearly not shown that exceptional circumstances exist that justify relief from judgment. Accordingly, Plaintiff's motion is due to be denied.

As to SIX's motion for sanctions, the Court declines to issue any monetary

sanctions at this time. "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted). However, "[t]o exercise its inherent power [to sanction] a court must find that the party acted in bad faith." *Id.* "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). However, in determining whether the Plaintiff has shown bad faith the Court must be mindful that it "should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Investments Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Nevertheless, "[P]*ro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (citation and internal quotations omitted).

In support of its motion for sanctions SIX cites a prior case in this Court in which the Court sanctioned a *pro se* litigant for "persistant and recurring efforts to malign, calumniate and denigrate this tribunal with scurrilous filings." *Bethel v. Town of Loxley*, 2006 WL 3449140, at *2 (S.D. Ala. Nov. 29, 2006). In the *Bethel* case, this Court concluded "that plaintiffs' course of conduct constitutes or is tantamount to bad faith." *Id.* (citation omitted). This Court stated:

7

> Notwithstanding plaintiffs' *pro se* status, their pleadings must exhibit proper decorum and respect, regardless of whether they concur with this Court's decisions. Ad hominem attacks in written filings in federal court are never acceptable, and will not be tolerated.

*Id.* However, even in *Bethel*, the Court did not award monetary sanctions but found that the appropriate sanction was to strike the Plaintiff's filings. *Id.* This Court then advised the Plaintiffs "that all future pleadings, motions and other papers they may file in this or any other action proceeding before the undersigned must comport with the basic standards of decorum and respect" or would be "summarily stricken without comment."

SIX does not specify the sanction it requests but asks that Plaintiff be sanctioned in a manner the Court deems appropriate. Plaintiff' has continually filed motions objecting to and requesting reconsideration of the Court's rulings and his filings have made serious unsupported allegations. However, the Court is hesitant to conclude that Plaintiff's filings were in bad faith, rather than the result of a disappointed and dismayed claimant who honestly does not fully understand the proceedings. The Court will not issue sanctions at this time, but Plaintiff is warned that if he files additional frivolous pleadings in this case the Court will impose sanctions. Any future filings that are frivolous or make scurrilous claims and malign this Court, the Defendants, or Defendants' counsel will be stricken and monetary sanctions may be considered.

The Court notes that on May 29, 2019, Plaintiff filed a document entitled "DAVID MORRIS' Disclosure; and Notice of Criminal Collusion, Negligence

Practiced Against David Morris by Lisa Stinson; John Stinson, Stephanie Charfee, et al." (Doc. 68). In this new filing, Plaintiff accuses SIX and its counsel of criminal activity related to this action. The Court finds that these statements are scurrilous and unfounded. The Court therefore **STRIKES** the filing (Doc.68) from the record.

## CONCLUSION

For the above stated reasons, Plaintiff's motion for relief from judgment (Doc. 63), is **DENIED**.

The motion of Southern Intermodal Express for sanctions (Doc. 64) is **DENIED** and no sanctions are imposed at this time, but **Plaintiff is warned that continued filings of frivolous or scurrilous motions or documents in this case will result in the imposition of sanctions.**

The document filed by Plaintiff on May 29, 2019 (Doc. 68) is hereby **STRICKEN** from the record.

**DONE** and **ORDERED** this 30th day of May, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

9